UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

№ 12-CV-5294 (JFB)(ARL)
_____

JULIUS A. THOMAS,

Plaintiff,

VERSUS

RJM ACQUISITION LLC,

Defendant.
_____

**MEMORANDUM AND ORDER**
February 24, 2014
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Julius Thomas ("plaintiff") brings this action against defendant RJM Acquisition LLC ("defendant" or "RJM"), alleging violations of the Fair Credit Report Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff claims that RJM obtained unauthorized access to his consumer credit report, without permissible purpose and under false pretenses; disclosed an investigative consumer report prepared for Thomas in violation of the FCRA; and made false and misleading representations to Thomas, improperly using language or symbols indicating that it was a debt collection business and communicating with him in connection with a debt without the express permission of a court. Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff has not opposed, and discovery closed on October 17, 2013. For the following reasons, the Court grants RJM's motion under Rule 56.[1]

I.    BACKGROUND

A.    Factual Background

1.    Allegations in the Complaint

---

[1] The Second Circuit has clearly established that a district court may not grant an unopposed summary judgment motion without carefully analyzing the moving papers to determine whether the moving party satisfies its burden of demonstrating that there are no material issues of fact for trial. *See Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[W]here the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'") (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001))). As set forth below, defendant has met that burden in this case based upon the evidence submitted in connection with its summary judgment motion.

1

The barebones complaint asserts seven claims for relief against RJM. Thomas does not allege any specific facts. The FCRA claims allege that RJM (1) lacked a permissible purpose to access Thomas's consumer credit report, (2) did not have authorization to access Thomas's consumer credit report, (3) improperly disclosed an investigative consumer report prepared for Thomas, and (4) obtained the consumer credit report using false pretenses. (*See* Compl. Count 1.) The FDCPA claims allege that RJM (1) made a false and misleading representation in connection with the collection of Thomas's debt, (2) improperly included language or symbols indicating that it is a debt collection business in communications with Thomas, and (3) communicated with Thomas without express permission of the Court. (*Id.*) Thomas seeks actual or statutory damages.

2.    Evidence[2]

RJM is a debt acquisition and collection company. (Def. 56.1 ¶ 1.) In its normal course of business, RJM accesses debtors' consumer credit reports in order to properly collect outstanding debts that it has been assigned for collection. (*Id.* ¶ 2.) RJM maintains reasonable policies and procedures to ensure compliance with the FDCPA. (*Id.* ¶ 9.)

Plaintiff had an account with TD Bank and owed a debt to that institution. (*Id.* ¶ 3; *see* TD Bank Statement, Greeberg Aff. Ex. A.) On or around October 3, 2011, TD Bank assigned Thomas's debt to RJM to pursue collection. (Def. 56.1 ¶ 4; *see* TD Bank Letter, Greenberg Aff. Ex. B; Request for Admissions, Shapiro Decl. Ex. C.)[3] RJM obtained records reflecting that Thomas had that outstanding debt owed to TD Bank. (Def. 56.1 ¶ 5; *see* TD Bank Statement.) RJM accessed Thomas's consumer credit report in its investigation and attempt to

---

[2] The facts are taken from the affidavit of Douglas Greenberg, the Director of Compliance at RJM (Greenberg Aff., Docket No. 22); the declaration of Peter Shapiro, RJM's counsel (Shapiro Decl., Docket No. 21); and RJM's Local Rule 56.1 Statement of Facts. The Court construes the facts in the light most favorable to plaintiff, the nonmoving party. *See, e.g.*, *Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

[3] Defendant served its First Request for Admissions on August 8, 2013. (Shapiro Decl. ¶ 4; Request for Admissions, Shapiro Decl. Ex. C.) Thomas did not respond. (Shapiro Decl. ¶ 5.) Shapiro states that the Request was returned as undeliverable, but it had been served on Thomas's address of record and therefore was properly served pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(b)(2)(C) ( "A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing."). A review of the docket indicates that Thomas submitted a "Notice of Change of Address" on November 14, 2013. On December 4, 2013, the Court ordered defendant to inform the Court whether plaintiff had been served with the instant motion at his new address. In response, defendant served the motion on plaintiff at his new address. (Letter, Docket No. 26.) The Court then modified the briefing schedule, extending plaintiff's time to oppose to January 6, 2014. (Order, Docket No. 27.)

Plaintiff never opposed, and he has not addressed his failure to respond to the Request or sought other relief. A court may treat facts in a request to admit as conclusively established in the event the party to whom the request is directed fails to respond and, if the facts are dispositive, can enter summary judgment. *E.g.*, *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973). Therefore, the Court deems Thomas to have admitted the facts contained in the Request by not having denied them, even after being served with the instant motion. *See* Fed. R. Civ. P. 36(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."). In any event, even apart from these admissions, the uncontroverted evidence submitted by defendant with their motion is sufficient to grant summary judgment in defendant's favor on all of plaintiff's claims.

collect the outstanding debt. (Greenberg Aff. ¶ 7.) Specifically, RJM's access was occasioned by virtue of a "soft inquiry," an industry practice by which debt collectors use a product that provides automatic address updates for persons from whom they are attempting to collect debts. (Def. 56.1 ¶ 6.) RJM received updates concerning Thomas via use of the soft inquiry, which apparently registered or was reported to Thomas as the equivalent of RJM pulling his credit report. (*Id.* ¶ 7.) RJM is aware of no communication with Thomas that violated any provision of the FDCPA or that involved false pretenses or misrepresentatives. (Greenberg Aff. ¶ 12.)

B.   Procedural Background

Plaintiff filed the complaint in the Southern District of New York on September 13, 2012. The case was transferred to this Court on October 22, 2012. RJM answered on January 23, 2013. RJM filed the instant motion on October 18, 2013. After plaintiff notified the Court of his new address, he filed a motion to compel on December 2, 2013, before Magistrate Judge Lindsay, asking for proof that he owes a debt to RJM and to send copies of any letters from RJM to plaintiff regarding the debt. The Court extended the briefing schedule on the instant motion on December 9, 2013. Plaintiff never opposed. Defendant opposed the motion to compel on February 3, 2014, and Judge Lindsay denied the motion to compel on February 18, 2014.

II.   STANDARDS OF REVIEW

Pursuant to Rule 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50 (citations omitted). Indeed, "the mere existence of *some* alleged factual

dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247–48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, a party opposing summary judgment cannot "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. DISCUSSION

#### A. Judgment on the Pleadings

As a threshold matter, the Court concludes that the complaint is devoid of any factual allegations that support Thomas's claims that RJM violated the FCRA or FDCPA. Thomas simply recites the legal elements of a claim for relief under the statutes. This is insufficient as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, defendant is entitled to judgment on the pleadings. The Court, however, concludes that summary judgment is more appropriate given the procedural posture of this case.

#### B. Summary Judgment

##### 1. FCRA Claims

The FCRA imposes civil liability on those who obtain credit reports from consumer reporting agencies "under false pretenses or knowingly without a permissible purpose." 15 U.S.C. § 1681n(b). To prove a violation of § 1681n(b), the plaintiff must show that credit information was obtained for an impermissible purpose, and, thus, "a showing of a permissible purpose is a complete defense." *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999); *see also Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 2d 260, 263–64 (S.D.N.Y. 1994) (if a user had a permissible purpose to obtain information, the "user did not obtain the report form an agency under 'false pretenses'"). "Permissible purposes" for obtaining credit information are set forth in 15 U.S.C. § 1681b. That section states, *inter alia*, that a consumer credit report is furnished for a permissible purpose where the party requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. § 1681b(3)(A).

Plaintiff admits, due to his failure to answer discovery requests, that (1) he had an outstanding debt owed to TD Bank, (2) TD Bank assigned Thomas's debt to RJM for collection, and (3) RJM had a permissible purpose to access Thomas's credit information. In any event, defendant has submitted uncontroverted evidence of these facts in connection with defendant's summary judgment motion. There is no evidence in the record that RJM accessed the consumer credit report for any other reason than to properly investigate and collect on the debt owed by Thomas. Nor is there any evidence raising a genuine issue of fact as to whether RJM obtained Thomas's information under false pretenses or that RJM disclosed any investigative consumer report it obtained by pulling his credit. Therefore, the Court concludes that RJM had a permissible purpose to access Thomas's consumer credit report: to collect

4

on a debt owed by Thomas. Accordingly, the Court grants summary judgment to RJM on the FCRA claims.

### 2. FDCPA Claims

First, Thomas's claim under 15 U.S.C. § 1692 fails as a matter of law because § 1692b pertains to communications "with any person other than the consumer for the purpose of acquiring location information about the consumer." Thomas alleges that RJM violated this section through correspondence with him, not with a third party. No evidence indicates otherwise.

Second, Thomas claims that RJM violated 15 U.S.C. § 1692c by communicating with him without express permission of a court. There is no evidence, however, that RJM's communications with plaintiff violated § 1692c, which prohibits communications without prior consent by the consumer or the permission of the court (1) "at any unusual time or place or place known or which should be known to be inconvenient to the consumer; (2) "if the debt collector knows the consumer is represented by an attorney"; or (3) "at the consumer's place of employment."

Finally, 15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with collection of any debt." RJM's records do not reflect any communications sent to Thomas that violated the FDCPA, and RJM maintains policies and procedures to ensure compliance with the FDCPA. (Greenberg Aff. ¶¶ 10–12.) There is no evidence in the record of any specific communications from RJM to Thomas that were false or misleading or included improper language.

Accordingly, because Thomas cannot raise a genuine issue of fact with respect to these claims, the Court grants summary judgment to RJM on the FDCPA claims.

### IV. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment, and dismisses the complaint with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   February 24, 2014
         Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. Defendant is represented by Peter T. Shapiro of Lewis Brisbois Bisgaard & Smith LLP, 77 Water Street, Suite 2100, New York, NY 10005.